15-2842
Chambliss-Partee v. Knapp et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

**PRESENT:**

> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **REENA RAGGI,**
>   *Circuit Judges.*

_____

**Tina Chambliss-Partee,**

   *Plaintiff-Appellant*,

  v.              **15-2842**

**Thomas Knapp, NYS Parole Officer, Tony A.J. Vigo, Owner of A.J. Vigo Realty, & Angela Vigo, Manager of A.J. Vigo Realty,**

   *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**  Tina Chambliss-Partee, pro se, Syracuse, NY.

**FOR DEFENDANTS-APPELLEES:** No appearance.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Hurd, *J.*; Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Tina Chambliss-Partee, pro se, appeals from the district court's judgment dismissing her complaint for her failure to timely file an amended complaint and from a subsequent order denying her motion to vacate that judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a motion to vacate a judgment for abuse of discretion. *See Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006). The district court's refusal to vacate the judgment was not an abuse of discretion. Chambliss-Partee's assertion that she did not receive the district court's order directing her to file an amended complaint is belied by the record, which shows that the clerk mailed a copy of the order to Chambliss-Partee in June 2015. Chambliss-Partee's argument that the district court should have considered the first proposed amended complaint is meritless; it was identical to the second proposed amended complaint, which the district court did review. Finally, even assuming that Chambliss-Partee has adequately challenged the district court's standing ruling on this appeal, *see Littlejohn v. City of New York*, 795 F.3d 297, 313 n.12 (2d Cir. 2015) (recognizing that claim not sufficiently argued in pro se appellate brief is deemed forfeited), and that standing were to be decided in her favor, she would not be entitled to relief from judgment because her complaint, even liberally construed, fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Laurent v. PricewaterhouseCoopers LLP*, 794 F.3d 272, 273 n.1 (2d Cir. 2015) ("We may affirm

2

on any ground the record supports, and are not limited to the reasons expressed by the district court.").

For the foregoing reasons, the judgment and order of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3